## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LLOYD J. DANIEL**                                    **CIVIL ACTION**

**VERSUS**                                                **NO.: 12-2933**

**ALLSTATE INSURANCE COMPANY**                **SECTION: G(5)**

## ORDER AND REASONS

The Court is in receipt of Plaintiff Lloyd J. Daniel's ("Plaintiff") "Request to the Court to Reverse its Dismissal of Petitioner's Preliminary Injunction Request,"[1] wherein Plaintiff seeks reconsideration of this Court's prior ruling dismissing Plaintiff's complaint and request for injunctive relief with prejudice for failure to state a claim upon which relief can be granted.[2] Having considered the motion and the applicable law, the Court will deny the motion.

## I.  Background

The Court has previously detailed the factual and procedural background of this matter in its Order and Reasons granting Defendant Allstate Insurance Company's ("Allstate") Motion to Dismiss Plaintiff's Complaint.[3] Therefore, the Court will only provide here the factual and procedural background as it pertains to the pending motion.

On December 10, 2012, Plaintiff filed a motion in this Court entitled "Motion for Injunctive Relief Wrongful Termination of Agency Agreement," which sought to enjoin Allstate from terminating the Allstate RC001C Exclusive Agency Agreement (hereinafter, the "Agreement") between Plaintiff and Allstate.[4] On December 19, 2012, Plaintiff filed a "Motion to Stop Respondents Southern Region

---

[1] Rec. Doc. 40.

[2] *See* Order & Reasons, Rec. Doc. 38 at p. 13.

[3] *Id.* at pp. 1-5.

[4] Rec. Doc. 1.

Personnel from Implementation of Termination Effective 12/31/12"[5] and Motion to Expedite Hearing.[6] The Court granted the Motion to Expedite Hearing,[7] and, on December 31, 2012, this Court denied the "Motion to Stop Respondents Southern Region Personnel from Implementation of Termination Effective 12/31/12," because Plaintiff could not "demonstrate[] a substantial likelihood of success on the merits," and therefore a temporary restraining order was not warranted.[8]  Simultaneously, the Court scheduled a preliminary injunction hearing for March 15, 2013.[9]  However, prior to the preliminary injunction hearing, Allstate filed a Motion to Dismiss Plaintiff's Complaint.[10]

On March 6, 2013, this Court granted Allstate's motion and dismissed Plaintiff's complaint and request for injunctive relief with prejudice upon finding that the termination clause in the Agreement clearly and unambiguously permitted Allstate to terminate Plaintiff, with or without cause, as long as ninety days' written notice was provided.[11]  Because Allstate predicated Plaintiff's termination on a letter dated September 10, 2012, and Plaintiff did not dispute that the letter was a notice of termination sent ninety days prior to the effective date, the Court found that Plaintiff failed to state a claim upon which relief could be granted.[12]

---

[5] Rec. Doc. 5.

[6] Rec. Doc. 6.

[7] Rec. Doc. 8.

[8] Rec. Doc. 10 at p. 10.

[9] *Id.*

[10] Rec. Doc. 25.

[11] *See* Rec. Doc. 38 at pp. 11-13.

[12] *Id.* at p. 12.

On March 7, 2013, Plaintiff filed the pending motion styled "Petitioner's Request to the Court to Reverse its Dismissal of Petitioner's Preliminary Injunction Request."[13]  Therein, Plaintiff asserts that he "should be allowed to have the hearing," because there were "only two delays in responding" to Court deadlines to file briefs and he has "worked hard at keeping up with the material."[14]  No opposition has been filed.

## II.  Law and Analysis

### A.  Standard Applicable to Pro Se Filings

The plaintiff here is proceeding without benefit of counsel, and therefore is *pro se*.  The Fifth Circuit has held that "[w]e give *pro se* briefs a liberal construction."[15]  However, this liberal construction given to a *pro se* brief is the only special treatment afforded *pro se* plaintiffs by the court.[16]  *Pro se* plaintiffs are otherwise required to know their legal rights and abide by all applicable procedural rules,[17] and a *pro se* plaintiff's ignorance of or unfamiliarity with court proceedings does not relieve him of this duty.[18]  Aware of the obligation to give Plaintiff's motion a liberal construction, the Court will construe Plaintiff's pending "Request to the Court to Reverse its Dismissal of Petitioner's Preliminary Injunction Request" as a motion for reconsideration of this Court's Order and Reasons issued on March 6, 2013.

---

[13] Rec. Doc. 40.

[14] *Id.*

[15] *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012) (citing *Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008)); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

[16] *Washington v. Jackson State Univ.*, 532 F. Supp. 2d 804, 809 (S.D. Miss. 2006) (citing *Callahan v. C.I.R.*, No. 99-0295, 2000 WL 1141607, at *1 (M.D. La. Apr. 10, 2000)).

[17] *Id.* (citing *Boswell v. Gov. of Texas*, 138 F. Supp. 2d 782, 785 (N.D. Tex. 2000)).

[18] *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).

## B.  Standard on a Motion for Reconsideration

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[19] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[20]  Such a motion "calls into question the correctness of a judgment,"[21] and courts have considerable discretion in deciding whether to grant such a motion.[22]  In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[23]  Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration, which are typically decided under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
> (2) the movant presents newly discovered or previously unavailable evidence;
> (3) the motion is necessary in order to prevent manifest injustice; or
> (4) the motion is justified by an intervening change in controlling law.[24]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[25]  Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[26]  "It is well settled that motions for reconsideration should not be used . . .  to re-urge matters that have already been advanced by a

---

[19] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[20] *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at **3-4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[21] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[22] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[23] *Id.* at 355-56.

[24] *See, e.g., Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[25] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[26] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

party."[27]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[28] and the motion must "clearly establish" that reconsideration is warranted.[29]  When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[30]

## C.  Analysis

Plaintiff's motion argues that the Court should reconsider dismissal of his complaint, because Plaintiff "worked hard at keeping up with the material" and there were "only two delays in responding."[31]  However, the Court afforded Plaintiff's *pro se* pleadings, motions, and briefs the liberal construction to which they were entitled,[32]  and nothing in the Court's Order and Reasons dismissing Plaintiff's complaint suggests that any failure to "keep[] up with the material" or timely respond was even a consideration in the Court's decision.  Instead, Plaintiff's complaint was dismissed because, even assuming all allegations in the complaint to be true, Plaintiff failed as a matter of law to state a claim upon which relief could be granted.[33]  Further, Plaintiff does not even assert that any of the four grounds for reconsideration are present here.  Accordingly, reconsideration of the Court's prior order would be inappropriate and a waste

---

[27] *Helena Labs.*, 483 F. Supp. 2d at 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[28] *Templet*, 367 F.3d at 478-79 (citation omitted).

[29] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[30] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented).  *See also FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[31] Rec. Doc. 40.

[32] *Brown*, 675 F.3d at 477 (citing *Mayfield*, 529 F.3d at 604); *Perez*, 312 F.3d at 194-9.

[33] *See* Rec. Doc. 38 at pp. 10-13.

of judicial resources in a case such as this where "there exists no independent reason for reconsideration other than mere disagreement with a prior order."[34]

### III.  Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that "Petitioner's Request to the Court to Reverse its Dismissal of Petitioner's Preliminary Injunction Request"[35] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 30th  day of April, 2013.

_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[34] *Livingston Downs Racing Ass'n*, 259 F. Supp. 2d at 481.

[35] Rec. Doc. 40.